UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO P.V.,[1]<br>Petitioner,<br>v.<br>TONYA ANDREWS, et al.,<br>Respondents. | No. 1:26-cv-08373-TLN-SCR<br>A # 204-973-696<br>**RELEASE ORDER** |

This matter is before the Court on Petitioner Fernando P.V.'s ("Petitioner") Petition for Writ of Habeas Corpus. (ECF No. 1.) Respondents filed a response. (ECF No. 8.) For the reasons set forth below, Petitioner's habeas petition is GRANTED. (ECF No. 1.) Respondents are directed to IMMEDIATELY RELEASE Petitioner.

///

///

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. Factual and Procedural Background

Petitioner is a noncitizen who entered the United States on January 10, 2007, without inspection or parole. (ECF No. 1 at 5; ECF No. 8 at 5.) Petitioner has a two-year-old son who is a citizen of the United States, and he is the primary financial support for his family. (ECF No. 1 at 6.) While in the United States, Petitioner suffered two criminal arrests.[2]

U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner on August 20, 2026, in Washington, D.C. and served him with a Notice to Appear in immigration court. (ECF No. 1 at 5–6; ECF No. 8 at 4, 8–11.) He was subsequently transferred to Golden State Annex Detention Facility. (ECF No. 1 at 3.)

On October 13, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus. (ECF No. 1.) Petitioner challenges the lawfulness of his civil detention and seeks immediate release. (*Id.*)

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. Analysis

Petitioner claims his detention violates the Fifth Amendment Due Process Clause and

---

[2] Respondents' records indicate that the disposition of these criminal charges is "unknown." (ECF No. 8 at 5.) Petitioner states that they were dismissed. (ECF No. 1 at 6.)

requests that the Court order his immediate release. (ECF No. 1 at 16–17.) Respondents "acknowledge" that under *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026), 8 U.S.C. § 1226(a) governs Petitioner's detention, and they therefore "do not oppose" the Court ordering that Petitioner receive a bond hearing. (ECF No. 8 at 1.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (2001). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

A. <u>Liberty Interest</u>

As to the first step, the Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). Even if he is subject to removal or his freedom could be revoked by statute, Petitioner's liberty is still protected by the Due Process Clause. *See Hernandez*, 872 F.3d at 993, *Zadvydas*, 533 U.S. at 693. Respondents do not dispute that Petitioner has a protected liberty interest. (*See generally* ECF No. 8.)

Accordingly, the Court finds Petitioner maintains a clear interest in his continued liberty protected by the Due Process Clause.

B. Procedures Required

To determine what process is necessary to ensure any deprivation of Petitioner's protected liberty interest accords with the Constitution, the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). As set forth below, these factors support Petitioner's constitutional right to notice and a hearing.

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the government's actions detaining him. The amount of time Petitioner spent at liberty underscores the gravity of its loss. *See Doe*, 787 F. Supp. 3d at 1094. Accordingly, this factor weighs in favor of finding Petitioner has a significant private interest that has been affected by his detention.

Second, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest for his detention to comport with due process. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner has received virtually no procedural safeguards to ensure any detention is reasonably related to those purposes. *Hernandez*, 872 F.3d 976. Most significantly, Petitioner has not been afforded the "initial bond hearing before a neutral decisionmaker" to which he is entitled by statute. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022). As Respondents do not argue Petitioner is a danger[3] to the public or a flight risk, and Petitioner has

---

[3] Respondents note Petitioner's two arrests on theft and assault charges, however, they develop no meaningful argument that these charges demonstrate that Petitioner is a danger. (ECF No. 8 at 1.) Furthermore, to the extent Respondents rely on dismissed charges or arrests which have not resulted in a conviction to justify Petitioner's detention this would raise significant due process concerns. *Cf. Singh v. Chestnut*, No. 1:26-CV-00546-DJC-AC, 2026 WL 266021 at *2 (E.D. Cal. Feb. 2, 2026) (applying canon of constitutional avoidance to interpret 8 U.S.C. §

no criminal convictions and has demonstrated ties to his community in this country, the risk that he is being detained without proper justification is exceedingly high. *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Third, the government's interest in detaining Petitioner without notice and a hearing is low. The effort and cost required to provide Petitioner procedural safeguards are minimal. *See Doe*, 787 F. Supp. 3d at 1094. Notice and custody determination hearings are routine processes for Respondents. Any burden associated with their provision does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation. Respondents articulate no legitimate interest in detaining Petitioner absent these processes.

Upon consideration of the *Mathews* factors, the Court finds Petitioner is entitled to notice and a hearing before a neutral decisionmaker. He has received neither in two months of detention by the federal government. Petitioner's detention thus violates the Fifth Amendment Due Process Clause.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.) IT IS HEREBY ORDERED:

1. Respondents must IMMEDIATELY RELEASE Petitioner Fernando P.V. A# 204-973-696 from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions. **Respondents must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.**

2. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in

---

1226(c) to apply only to currently charged offenses, and not those which have been dismissed or of which the petitioner has been acquitted).

remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3. The Application to Proceed In Forma Pauperis is GRANTED. (ECF No. 2.)

4. The Motion for Temporary Restraining Order is DENIED as moot. (ECF No. 3.)

5. The Motion to Appoint Counsel is DENIED as moot. (ECF No. 4.)

6. **The Clerk of Court is directed to serve Golden State Annex Detention Facility with a copy of this Order.**

7. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATE: October 26, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE